Law Office of Andrew P Rundquist
Andrew P Rundquist SBN 262523
501 W Broadway Suite A144
San Diego CA 92101
Tel. (619)992-9148
andrew@rundquistlaw.com


Attorney for Plaintiff
Mohammad Hedayati

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD HEDAYATI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> THE PERRY LAW FIRM, APLC; AND DOES 1-10, INCLUSIVE <br><br> Defendants. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATION OF:** <br><br> **(1) The Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.; and** <br><br> **(2) The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et.** <br><br> **JURY TRIAL DEMANDED** |

NOW COMES plaintiff MOHAMMAD HEDAYATI, individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of THE PERRY LAW FIRM, APLC ("Defendant") about attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of Federal and State debt collection

laws.

## I. INTRODUCTION

1. This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq., and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges any violations by Defendant were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## II. JURISDICTION

6. Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

7. This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et. seq. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## III. VENUE

8. Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. PARTIES

9. Plaintiff is an individual and resident of Orange County, California. At all relevant times alleged herein, Plaintiff was and is the owner of the premises located at 5011 Corkwood Ln, Irvine California, which is located within the Parkside Community Association development. Plaintiff is a member of the Association. At all relevant times Plaintiff was and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10. Defendant THE PERRY LAW FIRM, APLC ("PERRY") is a corporation organized under the laws of the state of California and its principal place of business is located at 20523 Crescent Bay Dr. Fl. 2, Lake Forest, Orange

County, CA 92630.  PERRY may be served as follows: The Perry Law Firm, APLC, c/o Michael R. Perry, Founder / Senior Partner, 20523 Crescent Bay Dr. Fl. 2, Lake Forest, Orange County, CA 92630.  Upon information and belief, the principal business of PERRY is the collection of defaulted consumer debt using the mails, telephone and other instrumentalities of interstate commerce and PERRY regularly attempts to collect, both directly and indirectly, consumer debt asserted to be due another.  According to its website, PERRY has collected over $4,000,000.00 in delinquent common-interest-development assessments since 2011 for its more than 250 community association clients. *See* https://perrylaw.us.  PERRY is thus a "debt collector" per 15 U.S.C. § 1692a(6) and Cal. Civil Code S 1788.2(c).

   11. Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it. Plaintiff is informed and believes, and thereon alleges, Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code S 1788.2(c).   Plaintiff is informed and believes, and thereon alleges, Defendant DOE is vicariously liable to Plaintiff for the acts Perry Law Firm.

   12. At all relevant times, each Defendant has committed acts, caused

others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

13. Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## V. FACTUAL ALLEGATIONS

### A. The Obligation is a Consumer Debt

14. Plaintiff owns and resides at the property at 5011 Corkwood Ln, Irvine, CA (the "Property"), a private residence.

15. In or around March 2012, Plaintiff incurred an alleged debt, in connection with the Property, to the Parkside Community Association ("Condominium Association") for past due monthly assessments stated to be owed in relation to the Property. The homeowner's dues were primarily for Plaintiff's personal, family and household purposes, and thus constitutes a debt per 15 U.S.C. § 1692a(5) and the financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f). These homeowner's dues were assessed for services The HOA rendered in maintaining and improving the private residence and the common areas around the private residence. The HOA's services were for the benefit of the private residence and Plaintiff insofar as the services maintained and improved the

aesthetic and infrastructure of the Common Interest Development, and thus maintained and improved the value of the private residence.

### B. Defendant Demands from Plaintiff Non-Existent and Erroneous Collection Costs

16. On August 27th, 2015, The Perry Law Firm filed a Verified complaint in Orange County Superior Court assigned court file # 30-2015-00806689-CL-BC-CJC. The named plaintiff is this action is "Parkside Community Association, a non-profit mutual benefit corporation" and the named defendant is "Mohammad Hedayati".

17. On January 8th, 2016 default judgment was entered by the Court in the Judicial Foreclosure lawsuit.

18. On June 6th, 2016 via stipulation of the parties, Judge Corey Cramin entered an order setting aside the proof of service, Default and Default Judgment, and expunge the Abstracts of Judgment in the Judicial Foreclosure action.

19. On August 17th, 2016, Plaintiff received a monetary demand from Defendant's employee "Scott Proctor, Legal Assistant" in the then and currently pending matter "Parkside Community Association v. Mohammad Hedayati" Orange County Superior Court assigned court file # 30-2015-00806689-CL-BC-CJC.

20. This correspondence to Plaintiff was a "communication" as that term is defined by 15 USC 1692a(2), and a "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

21. Within said correspondence provided by Defendant to Plaintiff was an "Account Breakdown" which itemized and then summarily demanded "$14,878.66." Defendant's correspondence stated "Please note, we may be

attempting to collect a debt and any information obtained may be used for those purposes."

### i. Demanding from Plaintiff a $75 charge for a non-existent "Updated Title Report"

22. A line item of Defendant's 8/17/16 demand was described as "Updated Title Report" purportedly incurred on 8/25/15 and consisted of $75 charge.

23. Defendant did not obtain an "Updated Title Report" on 8/25/15 and was therefore barred from including this non-existent line-item charge in the demand it presented to Plaintiff on 8/17/16.

24. Through the above-mentioned demand, Defendant is in violation of 15 15 U.S.C § 1692f(1) by attempting to charge or collect a $75.00 "Updated Title Report" from Plaintiff, which was neither incurred, nor an amount owed nor authorized by any agreement. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

25. Through the above-mentioned demand, Defendant is in violation of 15 USC S 1692e by charging Plaintiff $75 for an "Updated Title Report", when Defendant did not obtain an "Updated Title Report"; through this conduct, Defendant used false, deceptive, or misleading representations or means in connection with the collection of any debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

26. Through this conduct of attempting to collect an alleged debt from Plaintiff using the false representation of any compensation which may be lawfully received, Defendant has violated 15 U.S.C. § 1692e(2)(B). This section is

incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

27. Through the abovementioned demand, Defendant threatened to take an action that cannot legally be taken or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

28. Through the above-mentioned demand, Defendant is in violation of 15 USC S 1692e(10) by charging Plaintiff $75 for an "Updated Title Report", when Defendant did not obtain an "Updated Title Report" and used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

29. Through the above-mentioned demand, by using unfair or unconconsionable means to collect or attempt to collect any debt, Defendant is in violation of 15 U.S.C. § 1692f. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

    **ii.**  **Demanding from Plaintiff an erroneous $20 charge for "Recorder Delivery—Lis Pendens"**

30. A line item of Defendant's 8/17/16 demand was described as "Recorder Delivery—Lis Pendens" purportedly incurred on 8/27/15 and consisted of a $20 charge.

31. Defendant did not incur a $20 charge on 8/27/15 regarding a "Recorder Delivery—Lis Pendens" and therefore was barred from including this

inaccurate line-item charge in the demand it presented to Plaintiff on 8/17/16.

32. Through the above-mentioned demand, Defendant is in violation of 15 15 U.S.C § 1692f(1) by attempting to charge or collect $20 "Recorder Delivery—Lis Pendens", which was not the amount incurred, nor the amount owed, nor authorized by any agreement. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

33. Through the above-mentioned demand, Defendant is in violation of 15 U.S.C § 1692e by attempting to charge or collect $20 for "Recorder Delivery—Lis Pendens", which was not the amount incurred, nor the amount owed, nor authorized by any agreement; through this conduct, Defendant used false, deceptive, or misleading representations or means in connection with the collection of any debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

34. Through this conduct of attempting to collect an alleged debt from Plaintiff using the false representation of any compensation which may be lawfully received and attempting to charge or collect $20 for "Recorder Delivery—Lis Pendens", which was not the amount incurred, nor the amount owed, nor authorized by any agreement, Defendant has violated 15 U.S.C. § 1692e(2)(B). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

35. Through the abovementioned demand, Defendant threatened to take an action that cannot legally be taken or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

36. Through the above-mentioned demand, Defendant is in violation of 15 U.S.C § 1692e(10) by charging Plaintiff $20 for "Recorder Delivery—Lis Pendens", which was not the amount incurred, nor amount, nor authorized by any agreement, and used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

37. Through the above-mentioned demand, by using unfair or unconscionable means to collect or attempt to collect any debt, Defendant is in violation of 15 U.S.C. § 1692f. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

### iii. Demanding from Plaintiff an erroneous $20 charge for "Court Delivery--Lawsuit"

38. A line item of Defendant's 8/17/16 demand was described as "Court Delivery--Lawsuit" purportedly incurred on 8/27/15 and consisted of a $20 charge.

39. Defendant did not incur a $20 charge on 8/27/15 regarding a "Court Delivery--Lawsuit" and therefore was barred from including this inaccurate line-item charge in the demand it presented to Plaintiff on 8/17/16.

40. Through the above-mentioned demand, Defendant is in violation of 15 15 U.S.C § 1692f(1) by attempting to charge or collect $20 "Court Delivery--Lawsuit", which was not the amount incurred, nor the amount owed, nor authorized by any agreement. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

41. Through the above-mentioned demand, Defendant is in violation of

15 U.S.C § 1692e by attempting to charge or collect $20 for "Court Delivery--Lawsuit", which was not the amount incurred, nor the amount owed, nor authorized by any agreement; through this conduct, Defendant used false, deceptive, or misleading representations or means in connection with the collection of any debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

42. Through this conduct of attempting to collect an alleged debt from Plaintiff using the false representation of any compensation which may be lawfully received and attempting to charge or collect $20 for "Court Delivery--Lawsuit", which was not the amount incurred, nor the amount owed, nor authorized by any agreement, Defendant has violated 15 U.S.C. § 1692e(2)(B).  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

43. Through the abovementioned demand, Defendant threatened to take an action that cannot legally be taken or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5).  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

44. Through the above-mentioned demand, Defendant is in violation of 15 U.S.C § 1692e(10) by charging Plaintiff $20 for "Court Delivery—Lawsuit", which was not the amount incurred, nor amount owed, nor authorized by any agreement, and used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

45. Through the above-mentioned demand, Defendant is in violation of 15

15 U.S.C § 1692f(1) by attempting to charge or collect a $75.00 "Updated Title Report" from Plaintiff, which was an amount not owed and not authorized by any agreement. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

## VI.   CLASS ALLEGATIONS

46. Plaintiff brings this action on behalf of himself individually, and on behalf of all others similarly situated (collectively as "the Classes").

47. Plaintiff represents, and is a member of, Class 1 ("Title Report Class") defined as below:

> (i) All current or former California homeowners whose HOA accounts were transferred to Defendant; (ii) upon whom Defendant assessed a charge for obtaining a Title Report yet Defendant failed to obtain a Title Report or assessed a charge that was not incurred, nor the amount owed, nor authorized by any agreement; (iii) to recover a consumer debt; (iv) at any time one year prior to the date of the filing of this Action.

48. Plaintiff also represents, and is a member of Class 2 ("Recorder Delivery—Lis Pendens Class") defined as:

> (i) All current or former California homeowners whose HOA accounts were transferred to Defendant; (ii) upon whom Defendant attempted to charge or collect "Recorder Delivery—Lis Pendens", which was not the amount incurred, nor the amount owed, nor authorized by any agreement; (iii) to recover a consumer debt; (iv) at any time one year prior to the date of the filing of this Action.

49. Plaintiff also represents, and is a member of Class 3 ("Court Delivery—Lawsuit") defined as:

(i) All current or former California homeowners whose HOA accounts were transferred to Defendant; (ii) upon whom Defendant attempted to charge or collect "Court Delivery—Lawsuit", which was not the amount incurred, nor the amount owed, nor authorized by any agreement; (iii) to recover a consumer debt; (iv) at any time one year prior to the date of the filing of this Action.

50. Defendant and its employees or agents are excluded from the Classes.

51. Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

52. **Numerosity**. The members of the defined class are so numerous that individual joinder of all Class Members is impracticable. Plaintiff is informed and believes, and on that basis, alleges, there are hundreds of members in the Class, although the precise size of the Class has not yet been ascertained. Upon information and belief, the identities of Class Members are readily discernible using information contained in records in the possession or control of Defendant or public records.

53. **Commonality**. Class-wide common questions of law and fact exist and predominate over questions affecting only individual Class members. Common questions include, but are not limited to:

a) Can Defendant lawfully charge an HOA member who is delinquent on his assessments collection costs when Defendant did not in fact perform the service for which it charged the homeowner and whatever service Defendant may have performed, the cost or charge assessed to the homeowner was neither the amount incurred, nor the amount owed nor pursuant to contract;

b) Whether Defendant's conduct violated the FDCPA;

c) Whether Defendant's conduct violated the RFDCPA;

d) Whether members of the Classes are entitled to the remedies under the FDCPA;

e) Whether members of the Classes are entitled to the remedies under the RFDCPA;

f) Whether members of the Classes are entitled to declaratory relief;

g) Whether members of the Classes are entitled to injunctive relief;

h) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

i) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA; and,

j) Whether Defendant can satisfy the bona fide error affirmative defense.

54. **Typicality**. Class Representative Plaintiff's claims are typical of the claims of the class. He was subjected to the same violations of state and federal law and seeks the same types of damages, penalties, and other relief on the same theories and legal grounds as the members of the class he seeks to represent.

55. **Adequacy of Representation**. Class Representative Plaintiff Hedayati is an adequate representative of the Class because (a) his interests do not conflict with the interests of the individual Class members he seeks to represent; (b) he has retained counsel who is competent and experienced in complex class action litigation; and (c) he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

56. **Superiority of Class Action**. A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class. Each Class Member has been damaged and is entitled to recovery

because of Defendant's unlawful and unfair practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA or RFDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

57. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

58. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

59. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

60. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because question of law and fact common to the proposed Class predominate over any question affecting only individual members of the proposed Class, and because a class action is superior to other available methods for fair and efficient adjudication of this litigation.

61. The Class is ascertainable because its members can be determined from Defendant's business records and/or the above definition of Class is sufficient to enable Class Members to identify themselves as Class Members.

## VII. FIRST CAUSE OF ACTION: VIOLATION OF THE FDCPA (15 USC § 1692 ET. SEQ)

62. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

64. As a result of each and every violation of the FDCPA, Plaintiff, and the members of the Classes, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## VIII. SECOND CAUSE OF ACTION ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT) CAL. CIV. CODE §§ 1788-1788.42

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act.

67. As a result of each violation of the RFDCPA, Plaintiff, and the members of the Classes, are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c)

from each Defendant individually.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

- That this action be certified as a class action on behalf of the Classes as requested herein;
- That Plaintiff be appointed as representative of the Classes;
- That Plaintiff's counsel be appointed as counsel for the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Any and all other relief that this Court deems just and proper.

## X. TRIAL BY JURY

68.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

| | |
|---|---|
| Dated August 16th, 2017 | Law Office of Andrew P Rundquist |
| | By: /s/ Andrew P Rundquist |
| | Andrew P Rundquist, Esq. |
| | Attorney for Plaintiff |
| | Mohammad Hedayati |